Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

—————

No. 01-5376

September Term, 2002

00cv02560

Filed On: February 4, 2003

TULARE COUNTY, ET AL.,
APPELLANTS

v.

GEORGE W. BUSH, IN HIS OFFICIAL CAPACITY AS
PRESIDENT OF THE UNITED STATES OF AMERICA, ET AL.,
APPELLEES

NATURAL RESOURCES DEFENSE COUNCIL, ET AL.,
INTERVENORS

—————

**BEFORE**: Ginsburg, Chief Judge, and Edwards, Sentelle, Henderson, Randolph, Rogers, Tatel, Garland, Circuit Judges, and Williams, Senior Circuit Judge

## O R D E R

Upon consideration of the petition for rehearing en banc, and the absence of a request by any member of the court for a vote, it is

2

**ORDERED** that the petition be denied.*

<u>**Per Curiam**</u>

**FOR THE COURT:**

Mark J. Langer, Clerk

BY:

Deputy Clerk

---

* A separate statement of the panel is attached.

1

## Statement of the Panel

**PER CURIAM:** Contrary to Tulare County's argument, the court examined the complaint against a no more rigorous standard of pleading than that of Fed. R. Civ. P. 8(a). The court affirmed the district court's dismissal, for example, of Count III of the complaint because it contained no factual allegations that any part of the Monument lacked scientific or historical value. The allegation that Sequoia groves comprise only six percent of the Monument might well have been sufficient if the President had identified only Sequoia groves for protection, but he did not; the Proclamation covered natural resources present throughout the Monument area. It was therefore incumbent upon Tulare County to allege that some part of the Monument did not, in fact, contain natural resources that the President sought to protect. That, and nothing more, is what led the court to conclude that the complaint did not identify improperly designated lands "with sufficient particularity."